## JOHN MENNER v. STATE.

No. A-6602.  Opinion Filed May 18, 1929.
Rehearing Denied June 6, 1929.
(277 Pac. 670.)

156

See, also, 35 Okla. Cr. 252, 250 Pac. 541.

Warren & Warren, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Choctaw county on a charge of shooting at another with intent to kill, and was sentenced to serve a term of nine years in the state penitentiary.

It appears from the record that defendant, a negro, and a negro companion named Crane were traveling in a car and had a collision on the highway with a car driven by other parties.   A difficulty followed, and defendant was struck and knocked down by Ernest Bryant, who had come upon the scene.   Defendant drew a small pistol and fired at Bryant.   He and his companion then left the scene. Officers were notified, and they went into the negro section of the town of Boswell, where defendant was in a barn, and as the officers approached with a gun in hand several shots were fired by defendant at them, and the fire was returned.   The charge is predicated on the shooting at Bryant.

Complaint is first made that defendant did not have a speedy trial, that his preliminary was held in the latter part of February and he was committed for the action of

the district court, but no information was filed in the district court until September following. He was brought to trial in October. The record does not disclose whether or not he was at liberty on bail during this time. No authorities in support of the contention are cited. In all criminal prosecutions the defendant has a right to a speedy trial. Article 2, § 20, Const.; section 2349, Comp. Stat. 1921. It was the duty of the magistrate upon holding defendant for the action of the district court to forthwith send the papers with a transcript of his proceedings to the district court. Again the record does not disclose whether or not this was done. As soon as the transcript was transmitted, it was the duty of the county attorney to file an information charging the offense for which the accused was held by the magistrate. Articles 5, 6, c. 7, Comp. Stat. 1921. If this were not done within a reasonable time, defendant, if incarcerated, would be entitled to his discharge by habeas corpus. If not incarcerated upon appropriate action in the district court, that court should either require a speedy trial or dismiss the action. No complaint of the delay was made until after the information had been filed in the district court, the case assigned and ready for trial. Under this state of the record, the court properly overruled the motion to dismiss.

The only other assignment of error argued is that the court's instructions 3 and 4 do not correctly state the law and are prejudicial. Instruction number 3 is, in substance, the usual charge that a plea of self-defense is not available to one who is the aggressor or to one who enters voluntarily into a difficulty armed with a deadly weapon. Instruction number 4 is, in substance, that, if it should appear to the jury that defendant at the time he fired the shot believed that he was in danger of losing his life or receiving great bodily harm, then such shooting was justi-

fiable, unless they should further find beyond a reasonable doubt that defendant was the aggressor and had provoked the difficulty, in which case he would not be entitled to rely on the law of self-defense. The instructions are substantially correct and as a whole they cover the law applicable to the case.

There was clearly error, however, in admitting in evidence in detail the subsequent conduct of defendant in resisting the officers. Error is not urged upon this point, and it may be said to have been waived. We have no doubt, however, that the punishment assessed was materially increased by reason of this testimony.

Justice requires that the judgment be modified by reducing the punishment from nine years in the penitentiary to four years in the penitentiary, and, as modified, the judgment is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.